**Collins v 160 E. 28th & 134 Ninth LLC**

2026 NY Slip Op 30658(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 152882/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>HON. ARLENE P. BLUTH</u> | **PART** 14 |
| *Justice* | |

-------------------------------------------------------------------------------X

DANIELLE COLLINS,

                        Plaintiff,

                      - v -

160 EAST 28TH & 134 NINTH LLC, BEACH LANE
MANAGEMENT, INC.,

                        Defendants.

-------------------------------------------------------------------------------X

160 EAST 28TH & 134 NINTH LLC, BEACH LANE
MANAGEMENT, INC.

                        Plaintiffs,

                    -against-

ARI GOLDBERG

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152882/2023 |
| **MOTION DATE** | 02/09/2026 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595129/2024

The following e-filed documents, listed by NYSCEF document number (Motion 001) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 81, 86, 88, 104

were read on this motion to/for            <u>VACATE/STRIKE - NOTE OF ISSUE</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 84, 85, 89, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106

were read on this motion to/for            <u>JUDGMENT - SUMMARY</u>.

       MS 001 and MS 002 are consolidated for disposition and are both denied for the reasons described below.

**Background**

Plaintiff Danielle Collins, ("Ms. Collins") brings this action seeking to recover for injuries she sustained when she slipped on a doormat left outside of apartment 5F in the apartment building located at 134 9th Avenue in Manhattan on August 21, 2022. The defendants/third-party plaintiffs ("defendants" or "landlord") are the building's owner and the building's management company; Ms. Collins contends that their negligence in allowing the doormat to remain in the hallway caused her accident. Third-party defendant Ari Goldberg ("Mr. Goldberg") was the tenant of record of the subject apartment who purchased and placed the doormat in front of his apartment door.

Ms. Collins was visiting New York with her son and was staying with a friend, Ravi Sunnak ("Mr. Sunnak"). Mr. Sunnak and Ms. Collins were long-time friends; Mr. Goldberg was letting Mr. Sunnak use his apartment under some financial arrangement while he was traveling for a few months, and Ms. Collins joined Mr. Sunnak there for about ten days when she came into town.

Ms. Collins details that she had been at the apartment for over a week before the accident and had exited and entered the apartment many times without issue. Mr. Sunnak also reported no previous issues with the mat during this stay at the apartment or during previous stays. Mr. Goldberg detailed that he bought and installed the mat in 2018, four years before the accident, and had never had any complaints or other issues with the mat.

Here, the Court consolidates MS 001 and MS 002 for disposition. MS 001 is defendants' motion seeking to vacate the note of issue and reopen discovery. MS 002 is defendants' motion for summary judgment dismissing the complaint and for contractual indemnification from Mr. Goldberg. Mr. Goldberg cross-moves under MS 002 for an order dismissing all causes of action

in the third-party complaint and dismissing all negligence claims in the complaint that could be applied to Mr. Goldberg.

## MS 001

Defendants predicate their motion to vacate the note of issue on outstanding discovery: responses to their supplemental notice for discovery and inspection dated May 28, 2025, the non-party depositions of Ms. Collins' son and of Ravi Sunnak, and Ms. Collins' IME. Ms. Collins argues that their motion is moot, as all of the discovery items that defendants pointed to in support of their motion have since been completed.

## MS 002

Landlord defendants contend that the complaint should be dismissed against them and that they should be granted contractual indemnification against Mr. Goldberg. They allege that the doormat was not a dangerous condition, and, if it was, they did not create the condition and were not on notice of any defects or hazards related to the subject doormat. It is uncontested that the mat was placed there by Mr. Goldberg. Defendants detail that there were no prior complaints or accidents involving the doormat that had been present for years before the incident.

Kenneth Mangual ("Mr. Mangual"), a property manager employed by defendant Beach Lane Management, Inc. sat for a deposition on behalf of both defendants, a transcript of which is submitted as NYSCEF Doc. No. 72. Mr. Mangual testified that he visited the building twice weekly (*id.* at 8), that the hallway floors were swept and mopped twice weekly (*id.* at 14), and that tenants would place floor mats in the hallways although he was not sure if it was prohibited in their leases (*id.* at 17). He testified that management sometimes moved tenants' floormats to

clean underneath (*id.* at 18), that they never told tenants to remove the mats (*id.*), and they did not inspect the mats to check for a non-slip backing (*id.*). He said that there is a mat in the lobby which he described as a non-slip mat – one that has a rubber backing (*id.* at 25). Mr. Mangual testified that he was not aware of any policy prohibiting doormats at the subject premises (*id.* at 18) and that he had never received any prior complaints about the doormat (*id.* at 27).

Defendants continue that Mr. Goldberg is contractually required to indemnify them for any damages arising from an act he committed unless the damage was due to the landlord's negligence (NYSCEF Doc. No. 79 at 6). Defendants contend that the act here which caused the accident – putting down the doormat – was committed by Mr. Goldberg and was not due to any negligence on the landlord's part.

Ms. Collins opposes and says that her injuries arose because defendants negligently allowed tenants to leave their mats, which lacked any rubber backing, in the hallway. Ms. Collins points to a part of the lease, the Comprehensive Rider, which states in part that "Tenant may not store or place belongings, furniture (including lawn furniture), trash, or any personal articles on common areas, fire escapes, porches, balconies, yards, or walkways, on or outside of Premises unless the Landlord approves of such placement in writing" (NYSCEF Doc. 79 at 10). Ms. Collins contends that management had constructive notice of the mat, had a policy forbidding the mat, yet did not remove the mat, and therefore that it was ultimately defendants' negligence which led to her slipping on the mat in a common area of the building.

## Mr. Goldberg's Cross-Motion

Mr. Goldberg cross-moves for summary judgment dismissing the complaint, arguing first that the doormat did not constitute a dangerous condition. Alternatively, he asks the Court to

dismiss the third-party complaint and all claims of negligence that could be applied to Mr. Goldberg in Ms. Collins' complaint.

Mr. Goldberg first argues that the complaint should be dismissed because the doormat was not a dangerous condition. Mr. Goldberg details that it was a regular doormat, and that upon inspection, no defects were found with the doormat. Mr. Goldberg argues that if the Court finds that there is an issue of fact over whether the doormat did constitute a dangerous condition and does not dismiss the complaint in its entirety, then the Court should deny the part of defendants' summary judgment motion seeking contractual indemnity. Mr. Goldberg contends that there are issues of fact as to defendants' negligence and their duty to inspect and maintain common areas.

Ms. Collins opposes Mr. Goldberg's cross motion regarding whether there was a dangerous condition for the same reasons that Ms. Collins opposed the landlord defendants' motion to dismiss; Ms. Collins contends that there are questions of fact regarding whether this mat, with no rubber backing and which was placed on a tile floor, constituted a dangerous condition.

Landlords oppose the part of Mr. Goldberg's motion which seeks dismissal of the third-party complaint and which argues that defendants should not be entitled to contractual indemnity. Defendants claim that Mr. Goldberg's position that defendants had a duty to inspect and remove the doormat that he himself placed in front of his own front door is untenable.

**Discussion**

MS 001

MS 001, defendants' motion to vacate to the note of issue, was premised on the following outstanding discovery items: responses to their supplemental notice for discovery and inspection

dated May 28, 2025, the non-party depositions of Ms. Collins' son and of Ravi Sunnak, and Ms. Collins' IME. Ms. Collins argues the motion is moot, as these items have all been completed. Indeed, the non-party depositions of Ms. Collins' son and Mr. Sunnak have been completed and are part of the record at NYSCEF Doc. Nos. 76 and 77, respectively. Furthermore, Ms. Collins details her IME was completed on December 9, 2025 and that defendants were provided with responses to all of their discovery requests. Since it appears that discovery is in fact complete, the Court denies motion sequence 001 in its entirety.

MS 002

"A party moving for summary judgment must demonstrate that the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in the moving party's favor. Thus, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. If the moving party meets this burden, the burden then shifts to the non-moving party to establish the existence of material issues of fact which require a trial of the action" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833, 988 NYS2d 86 [2014] [internal quotations and citations omitted]).

Here, the Court finds that there remains a material issue of fact regarding whether the doormat constituted a dangerous condition. Just because no one slipped on it in the years before does not automatically mean it had not become dangerous by or on that day. The fact is that there was an unsecured mat on a tile floor in the common area of their building, which all the

[* 6]

defendants knew about, and which slipped out from under plaintiff. The Court therefore denies the part of all defendants' motion which seeks dismissal of the complaint on the theory that the mat did not constitute a dangerous condition. The trier of fact will have to decide whether, under all circumstances, the doormat was a dangerous condition on that day.

The Court also denies the part of landlord defendants' motion which seeks contractual indemnification from Mr. Goldberg. Defendants have failed to show that they were not negligent; they admit that they allowed the doormat to stay in their hallway for years. Landlord's witness testified that he came to the building twice a week and that management knew that tenants had doormats, but did not remove them or request that tenants remove them. Rather, the landlord cleaned around them or moved them to clean the floors and then replaced them.

If the finder of fact determines that the landlord defendants were negligent, then they cannot avoid liability despite the provision in Mr. Goldberg's lease rider which read in part that, "Tenant may not store or place belongings…on common areas…unless the Landlord approves such placement in writing. Landlord may remove any belongings not approved to be stored there…" (NYSCEF Doc. No. 79 at 10).

Tenant placed his belonging, a doormat, in a common area. And although the landlord did not approve it in writing, the landlord certainly knew that the mat was in the common area and had the right to remove the mat yet did not do so. Since defendants have not shown that they are free of negligence, the Court denies the part of motion sequence 002 in which defendants seek contractual indemnification from Mr. Goldberg.

Mr. Goldberg's Cross-Motion

For the reasons cited above, the Court denies the part of Mr. Goldberg's cross motion which seeks dismissal of the complaint claiming the doormat did not constitute a dangerous condition – that is up to the jury to decide.

The Court also denies the part of Mr. Goldberg's motion which seeks dismissal of the third-party complaint and dismissal of the negligence claims in Ms. Collins' complaint that could be applied to Mr. Goldberg. As stated above, in the event the doormat is determined to constitute a dangerous condition by a trier of fact, then the jury will have to determine who bears responsibility for the doormat's placement (and possibly assign percentages).

Accordingly, it is hereby

ORDERED that MS 001 and MS 002 are both denied.

| 2/25/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE |